IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO. 1:12CR111
                                                                    1:13CR19


THOMAS RANDALL,
                    Defendant.


**ORDER/OPINION**

On the 29th day of April 2013, came the Defendant, Thomas Randall, in person and through

counsel L. Richard Walker, appearing for Brian J. Kornbrath, for hearing on a Petition for Action

on Conditions of Pretrial Release (post-plea), filed by Matthew T. Schmitt, Defendant's Adult

Pretrial Services Officer, on April 18, 2013, alleging Defendant twice violated Condition 7(m) of

his Conditions of Pretrial Release by testing positive for marijuana on March 15, and April 18, 2013.

The United States appeared by Shawn Angus Morgan, its Assistant United States Attorney.

It shall be recalled that on April 4, 2013, Defendant pled guilty before the undersigned to an

Information charging him with being a felon in possession of a firearm. He is currently awaiting

sentencing.

The Court heard the testimony of Officer Schmitt, who is Defendant's assigned supervising

Adult Pretrial Services Officer. He identified Defendant in Court. He testified that on February 4,

2013, during a home visit, he found 7 marijuana butts at Defendant's residence. He reported this to

the Court on February 22, 2013, but also conceded that the marijuana was found in a room not

occupied by Defendant, and there were other occupants. He therefore requested no action, with

which the Court agreed, but verbally reprimanded Defendant and advised him he was responsible

for his residence.

Officer Schmitt testified that on March 15, 2013, Defendant furnished a urine specimen which was tested and confirmed positive for marijuana. He pled guilty on April 4, 2013. On April 18, he presumptively tested positive for marijuana. On that occasion, Defendant admitted he had used marijuana on April 15, 2013, and the specimen was therefore not sent to the lab for confirmation.

Officer Schmitt further testified that he was aware Defendant had severe mental health problems, including, he believed, bipolar disorder and schizoaffective disorder, and takes a number of prescription medications. He believed he was compliant with his medications and saw a physician for his impairments. He was aware that when the doctor switched Defendant's medications they may not work the same, and also, at times, the medications simply stopped working as effectively. Defendant did not explain his use of marijuana, however, simply admitting "it was a mistake."

Officer Schmitt testified he had discussed Defendant's use of marijuana after the home visit, and Defendant stated he had only used marijuana four times in the past. Other than the three issues addressed in the Petition, Defendant had been compliant with his conditions of release. The probation officer believed a combination of the plea of guilty and the realization that he would be serving 10 years in prison left Defendant without much hope, and a feeling of "What else can they do to me?" The probation officer had no information whether or not Defendant had ever discussed his use of marijuana with his prescribing mental health provider. He knew, however, that Defendant understood his conditions of release and knew the use was a violation.

Defendant, through counsel, proffered that he had a long history of severe mental health

problems, and the thought of 10 years in prison and possible changes in medication or ineffective-ness of medications had caused him to become very depressed. He had attempted suicide 10 times. He was not using the marijuana to party or for any harmful use, but to improve his condition.

Upon consideration of all which, the Court finds, based upon the evidence, that Defendant violated condition 7(m) of his Conditions of Pretrial Release on two separate occasions, by using marijuana. The Court therefore concludes that Defendant violated his conditions of pretrial release as alleged in the Petition. The Court does not find by a preponderance of evidence that Defendant possessed marijuana on February 22, 2013, and does not give any weight to that report in its decision.

The United States moved for detention pending final hearing, conceding that detention is not mandatory, but arguing that Defendant poses a danger to the safety of the community if released. He was aware of what was expected of him and willfully failed to comply. Further, the use of marijuana in conjunction with his significant medical conditions and numerous prescribed psychotropic medications, increased the danger.

Defendant, through counsel, requested he be permitted to remain on release pending sentencing. He argued that some form of home detention would mitigate any danger to the community, while still allowing Defendant to continue his treatment. He again noted that Defendant was not partying or trying to cause any harm when using marijuana, but was trying to improve his condition.

The Court finds that Defendant suffers a long history of severe mental health issues, including bipolar disorder and schizoaffective disorder. He suffered from these disorders and was

medicated for them prior to the underlying offense in this case. The underlying offense was a crime of violence against an animal, in which Defendant used a firearm borrowed from a neighbor. Defendant takes a number of medications, including Seroquel, Celexa, Tegretol, Trazodone, and Amitriptyline. He has difficulty with changes in his medications. He started or continued using marijuana to get over the changes in effectiveness of his medications. He was aware the use of marijuana was a violation of his conditions of release. Further, there is no evidence he ever made his prescribing physician aware of his use of marijuana layered on his use of other strong medications. The evidence shows he has attempted suicide on 10 occasions.

The Court finds by clear and convincing evidence that Defendant is a danger to the community if released. The Court further finds there are no conditions which would protect the community should Defendant be released. Home incarceration will not prevent continued violations, especially considering Defendant has little to no reason to comply, as he is facing 10 years imprisonment.

The Court therefore **GRANTS** the Government's Motion to Detain and **REVOKES** Defendant's Pretrial (post guilty plea) release. Defendant has the right to appeal this decision to the District Judge within 14 days.

Defendant, through counsel, requested the Court consider a stay of its order revoking his release for three days, so he has time to gather his medications and medical records and confer with his physician. In fact, Defendant has an appointment with his psychiatrist this date. The Government objected to a stay.

Defendant's counsel noted that Defendant was well aware that if he violated again it would

undercut his possibility of self-reporting, which could mean an increased security class and the possibility of being imprisoned in a Penitentiary. Further, if he committed another crime, state or federal, his security class would most likely be increased. He was therefore aware of the consequences of violations.

The Government advised the Court that the Pretrial Services Officer had advised Defendant during the April 18th appointment, that he should be prepared to surrender after his hearing. Defendant has an individual present in the Court who could gather the medications and information Defendant believes he needs and provide it to the Officer or the U.S. Marshal. The Government stated its view that the danger was very high if Defendant's detention were stayed.

Upon consideration of all which, Defendant's request for a stay is **DENIED**. The Court finds the risk and danger to the community is too great, and Defendant has other means available to gather his information.

Defendant is remanded to the custody of the United States Marshal pending further proceedings.

It is so **ORDERED.**

The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED: May 2, 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE